## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PATRICK K. KINGORI,<br>   *Plaintiff*,<br><br>    v.<br><br>CITIZENS FINANCIAL GROUP, INC.,<br>Alias, and any and all Defendants,<br>   *Defendants*. | C.A. No. 18-340-JJM-LDA |

## DEFENDANT CITIZENS BANK, N.A.'S
## PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Citizens Bank, N.A. ("Citizens"), incorrectly named as Citizens Financial Group, Inc., moves this Court to dismiss Counts II, III, IV, VI, VII, and VIII of Plaintiff Patrick K. Kingori's Amended Complaint (the "Amended Complaint") on the grounds that the allegations of the Amended Complaint fail to state a legally cognizable claim upon which relief may be granted.

## INTRODUCTION

This case arises from Plaintiff's allegations that Citizens discriminated against him based on his race and national origin. He specifically claims, *inter alia*, that Citizens terminated his employment due to his supervisor's alleged discriminatory treatment. As a result, Plaintiff sets forth eight claims for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000E *et seq.*, and 42 U.S.C. § 1981. This Court should dismiss six of those eight counts because they fail to state any legally cognizable claim.

In particular, dismissal is warranted for the Title VII claims (Counts III, IV, VII, and VIII) because they are barred by the statute of limitations. A plaintiff must file a complaint for violations of Title VII within ninety days of the "giving" of the right to sue letter from the Equal

Employment Opportunity Commission ("EEOC").  In his Amended Complaint, Plaintiff admits that he failed to timely file the original and Amended Complaint and fails to set forth any reason to support equitable tolling of that deadline.  Accordingly, the Title VII claims are time barred.

This Court should also dismiss Counts II and VI, in which Plaintiff asserts national origin claims under Section 1981.  Section 1981 does not provide for national origin claims and, instead, only provides for claims based on race discrimination.  While it is true that national origin and one's ancestry and ethnicity may often be "identical as a factual matter,"[1] Plaintiff brings separate claims based on (1) his race and (2) his national origin.  National origin claims, however, are not cognizable under Section 1981.  As a result, Counts II and VI – which are based solely on national origin – are legally deficient.

## ALLEGATIONS OF THE AMENDED COMPLAINT[2]

Plaintiff alleges that he "is a person of color, a member of the African race, and a native of a foreign country, Africa [*sic*]."  Am. Compl. (Doc. 3) ¶ 12.  In February 2013, Plaintiff began working for Citizens as a Basel Risk Manager to assist in the Basel Qualification Program.  *Id.* at ¶ 13.  He was hired by Arun Musinipally, who also served as his supervisor during his employment.  *Id.* at ¶ 14.  Plaintiff contends that, during his employment, Mr. Musinipally "discriminated against him on the basis of his race and national origin by treating him less-favorably than other similarly-situated employees outside of Plaintiff's protected classes."  *Id.* at ¶ 18.  He further alleges that, on June 24, 2018, as a "direct and proximate result of [Mr.]

---

[1]    *See Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 614 (1987) (Brennan, J., concurring).

[2]    Unless otherwise indicated, all facts set forth herein are based on the allegations of the Amended Complaint.  In light of the standard of review for a Rule 12(b)(6) motion, such facts are assumed to be true solely for the purposes this Motion.

Musinipally's discriminatory treatment of Plaintiff and sabotage of his work record, [Citizens] terminated Plaintiff's employment." *Id.* at ¶ 31.

On June 24, 2014, "Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination for violation of Mass. Gen. Laws ch. 151B, which was simultaneously filed with the [EEOC] for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq." Am. Compl. ¶ 6. On January 19, 2017, the EEOC issued Plaintiff a "Notice of Right to Sue Letter" ("Right to Sue Letter") because Plaintiff affirmatively decided to "pursu[e] the claim in another forum." *See id.* at ¶ 7, Ex. A. Plaintiff claims that he never received a copy of the Right to Sue Letter and it was returned to the EEOC as "not deliverable as addressed." *See id.* at ¶¶ 8-9. He also alleges that the EEOC never sent a copy of the Right to Sue Letter to his attorney. *See id.* at ¶ 10. On June 22, 2018, Plaintiff's counsel received a copy of the Right to Sue Letter that was returned to the EEOC as "not deliverable as addressed." *Id.* at ¶ 11.

Plaintiff filed his original Complaint against Citizens on June 22, 2018. *See* Compl. (Doc. 1). That Complaint omitted any Title VII claims and, instead, only alleged violations of Section 1981. *See id.* On June 26, 2018, Plaintiff filed the Amended Complaint, which sets forth claims for national origin and race discrimination under both Title VII and Section 1981. *See* Am. Compl.

### **ARGUMENT**

This Court should dismiss Counts III, IV, VII, and VIII, which are barred by the statute of limitations, as well as Counts II and VI which fail to state a claim under Section 1981. Pursuant to Rule 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. *See Germanowski v. Harris*, 854 F.3d 68, 71-72 (1st Cir. 2017). To

survive a motion to dismiss, a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" and allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 559 (2007) (alteration in original) (citation omitted). To "give rise to a 'plausible' claim, a complaint must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Germanowski*, 854 F.3d at 72 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). It is equally well established that in evaluating a 12(b)(6) motion, the Court is required to "accept a plaintiff's allegations as true and construe them in the light most favorable to them." *Gargano v. Liberty Int'l Underwriters*, 572 F.3d 45, 48 (1st Cir. 2009). Nonetheless, the plausibility standard requires "'more than a sheer possibility that a defendant has acted unlawfully.'" *Germanowski*, 854 F.3d at 72 (quoting *Iqbal*, 556 U.S. at 678).

## I.   THE STATUTE OF LIMITATIONS BARS THE TITLE VII CLAIMS.

Plaintiff's Title VII claims (Counts III, IV, VII, and VIII) must be dismissed because they were not filed within the statute of limitations period. Plaintiffs are required to file a complaint asserting claims for relief pursuant to Title VII "in the district court within 90 days of the 'giving' of the right to sue letter" by the EEOC. *Taal v. Hannaford Bros. Co.*, 211 F. App'x 4, 4-5 (1st Cir. 2006) (quoting 42 U.S.C. § 2000e-5(f)(1)); *see also Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 119 (1st Cir. 2009). On January 19, 2017, the EEOC issued to Plaintiff the Right to Sue Letter. *See* Am. Compl. ¶ 7. Plaintiff, therefore, was required to file a complaint alleging Title VII claims by April 19, 2017. Plaintiff, however, filed his initial complaint over one year later, on June 22, 2018, and his Amended Complaint – which includes the Title VII claims – on June 26, 2018. *See* Compl.; Am. Compl. Accordingly, the Title VII claims are untimely as a matter of law.

Furthermore, equitable tolling of the 90 day deadline is unwarranted.  The "baseline rule is that time limitations are important in discrimination cases, and that federal courts therefore should employ equitable tolling sparingly."  *Taal*, 211 F. App'x at 5 (internal quotation marks omitted); *see also Abraham*, 553 F.3d at 119 (stating that equitable tolling is available only in "exceptional circumstances" and "cannot be used to rescue a plaintiff from his or her lack of diligence").  In the Title VII context, equitable tolling "may be appropriate when a complainant misses a deadline because of circumstances effectively beyond her control." *Taal*, 211 F. App'x at 5 (internal quotation marks omitted).  Significantly, equitable tolling of the ninety day deadline is unwarranted when a plaintiff fails to ensure that the EEOC had his or her correct and current address.  *See id.*; *see also Abraham*, 553 F.3d at 120 (stating that a plaintiff's lack of diligence in filing a change of address with the EEOC is sufficient to reject an equitable tolling claim).  Moreover, the failure of the EEOC to send a copy of a right to sue letter to a plaintiff's attorney does not establish the extraordinary circumstances required for equitable tolling of the 90 day deadline.  *See Bailey v. Precision H2O, Inc.*, No. 2:08-CV-285 (TC), 2009 WL 249476, at *3 (D. Utah, Feb. 2, 2009) ("Courts have universally held that the failure to update an address with the EEOC is fatal to a claim for equitable tolling.  Courts have not faltered in this conclusion just because a flaw existed in the notice given to the plaintiffs' attorneys."  (internal quotation marks omitted)); *see also Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850-51 (7th Cir. 2001) ("The failure to send a copy to the attorney does not amount to trickery or inducement."); *Panyanouvong v. Vienna Wolftrap Hotel*, 525 F. Supp. 2d 793, 798-99 (E.D. Va. 2007) (granting defendant's motion to dismiss based on an untimely complaint despite the EEOC failing to send a copy of the notice to sue letter to the plaintiff's attorney).

The Amended Complaint fails to set forth any basis for equitable tolling of the 90 day deadline.  It simply alleges that (1) Plaintiff did not receive a copy of the Right to Sue Letter; (2) the EEOC received the Right to Sue Letter as "not deliverable as addressed"; and (3) the EEOC failed to send a copy of the Right to Sue Letter to Plaintiff's attorney.  *See* Am. Compl. ¶¶ 8-10. None of those allegations provide the "exceptional circumstances"[3] required to toll the 90 day deadline for filing a complaint alleging Title VII claims.  Plaintiff does not allege that he, or his attorney, followed up with the EEOC regarding the Right to Sue Letter after requesting that Letter.[4]  Nor does he claim that he had submitted a change of address to the EEOC and that the EEOC failed to send the Right to Sue Letter to that location.  As such, equitable tolling in this case is inappropriate and the Court should dismiss Plaintiff's Title VII claims.

## II.    THIS COURT SHOULD DISMISS THE SECTION 1981 NATIONAL ORIGIN CLAIMS BECAUSE SECTION 1981 DOES NOT PROVIDE FOR STAND-ALONE NATIONAL ORIGIN CLAIMS.

This Court should dismiss Counts II and VI because a claim based solely on the place or nation of a plaintiffs origin is not legally cognizable under Section 1981.  The Supreme Court has explained that Section 1981 prohibits *racial* discrimination in the making of public and private contracts.  *See Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987).  Indeed, Section 1981 protects "identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." *Id.* at 613.  For example, if a plaintiff is "subjected to intentional discrimination based on the fact that he was

---

[3]      *See Abraham*, 553 F.3d at 119.

[4]      *See Panyanouvong*, 525 F. Supp.2d at 798 (determining that, even when a plaintiff's attorney in fact made several attempts to determine the case's status and obtain a copy of the right to sue letter from the EEOC, the attorney's "decision to wait more than nine months . . . and four months [when following up with the EEOC] constitutes a failure to act with diligence").

born an Arab, *rather than solely on the place or nation of his origin* . . . [then] he will have made

out a case under Section 1981." *Id.* (emphasis added).

While it is true that "the line between discrimination based on ancestry or ethnic

characteristics and discrimination based on place or nation of . . . origin is not a bright one." *Id.*

at 614 (Brennan, J. concurring) (internal quotation marks and citations omitted), "at the very

least, a Section 1981 claim must allege *race*-based discrimination." *Nnadozie v. Genesis*

*HealthCare Corp.*, 730 F. App'x 151, 157 (4th Cir. 2018) (citing *Torgerson v. City of Rochester*,

643 F.3d 1031, 1053 (8th Cir. 2011) (en banc); *El-Zabet v. Nissan N. Am., Inc.*, 211 F. App'x

460, 462-63 (6th Cir. 2006)); *see also Hassan v. N.W. Human Servs.*, No. 06-3711, 2007 WL

510065, at *6 (E.D. Pa. Feb. 13, 2007) (dismissing Section 1981 claim because the plaintiff, who

asserted that the defendant discriminated against him because he was "African-born," had not

"alleged discrimination on the basis of any factor (e.g., his ethnicity, race, or skin color) other

than his place of origin").  "In other words, allegations of discrimination based purely on

national origin are insufficient to state a Section 1981 claim." *Nnadozie*, 730 F. App'x at 157;

*see also Nono v. George Wash. Univ.*, 245 F. Supp. 3d, 141, 147 (dismissing claims to the extent

that they allege a national origin claim under Section 1981 because that section "does not protect

against national origin discrimination"); *Lee v. Sony BMG Music Entertainment, Inc.*, 557 F.

Supp. 2d 418, 424 (S.D.N.Y. 2008) (dismissing national origin based discrimination claims

brought under Section 1981 because "that statute does not cover national origin"); *Ohemeng v.*

*Delaware State Coll.*, 676 F. Supp. 65, 68-69 (D. Del. 1988) ("To the extent plaintiff premises

his § 1981 claim on national origin *per se*, he has failed to state a claim . . . .").

Plaintiff brings *separate* counts under Section 1981 for national origin discrimination and

race discrimination.  Section 1981, however, prohibits only discrimination based on race,

ancestry, or ethnicity.[5]  It does not provide for claims based solely on national origin.

Accordingly, Plaintiff's Section 1981 claims based on his place of origin fail as a matter of law.

## <u>CONCLUSION</u>

For the foregoing reasons, Citizens respectfully requests that this Court grant its Partial Motion to Dismiss.

---

[5]     Citizens has not moved to dismiss the Section 1981 race discrimination counts.

Defendant,

CITIZENS FINANCIAL GROUP, INC.,
By its attorneys,


/s/ *Geoffrey W. Millsom*
Robert P. Brooks (#3721)
rbrooks@apslaw.com
Geoffrey W. Millsom (#6483)
gmillsom@apslaw.com
Leslie D. Parker (#8348)
lparker@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel:  (401) 274-7200
Fax:  (401) 351-4607
Dated: August 27, 2018

## CERTIFICATE OF SERVICE

I hereby certify that I filed the within Motion through the ECF system on the 27th of August, 2018, and that notice will be sent electronically to the counsel who are registered participants identified on the Mailing Information for Case No. 18-340-JJM-LDA.


/s/ *Geoffrey W. Millsom*

916788.v1